UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAUL A. MARTINEZ,

                                        Plaintiff,          Case # 25-CV-6302-FPG

v.                                                              DECISION & ORDER

SARAH B. COLE, et al.,

                                        Defendants.
_____

RAUL A. MARTINEZ,

                                        Plaintiff,          Case # 25-CV-6239-FPG

v.                                                              DECISION & ORDER

JULIANNE M. GRECZYN, et al.,

                                        Defendants.
_____

## INTRODUCTION

      In May 2019, Raul A. Martinez pleaded guilty to a one-count information alleging felon in possession of firearms and ammunition. *See United States v. Martinez*, No. 19-CR-6068, ECF Nos. 16, 18. This Court sentenced Martinez to a term of imprisonment of 54 months, to be followed by three years of supervised release. Martinez commenced his term of supervised release in October 2022. At some point thereafter, Martinez began working at Alsco Uniforms in Rochester, where Joshua Moultrie was his supervisor. No. 25-CV-6239, ECF No. 25 at 4. Martinez alleges that, in early 2025, he was unlawfully suspended and/or terminated because he complained about his co-workers' body odor. *See id.*; *see also* No. 25-CV-6239, ECF No. 1 at 5. Martinez submitted complaints to Ruben Lopez (an employee with the U.S. Department of Labor), and Jessica Pietrzykowski (an employee with Monroe County's Office of Public Integrity), but

1

they refused to take any action.  No. 25-CV-6239, ECF No. 1 at 5.  Meanwhile, Martinez's federal probation officer, Julianne Greczyn, began imposing "a lot of sanctions" on him, and Rebecca Kistner, his mental health counselor, added additional appointments.  *Id.*  Due to these issues, Martinez filed his first action in this court, docketed as *Martinez v. Greczyn*, No. 25-CV-6239, in which he sues Greczyn, Kistner, Moultrie, Lopez, and Pietrzykowski.

It appears that, because of that lawsuit, his federal supervision was transferred to Federal Probation Officer Sarah B. Cole.  *See* No. 25-CV-6302, ECF No. 1 at 3-4.  In June 2025, Officer Cole informed Martinez that he had received a positive drug test and asked that he perform another one.  Martinez appears to fault Officer Cole for the manner in which she handled this issue, and he criticizes Chief Federal Probation Officer Timothy C. Englerth—and other unnamed officers—for not accepting his complaints.  *Id.* at 4.  For these reasons, Martinez filed his second action in this court, docketed as *Martinez v. Cole*, No. 25-CV-6302.

Moultrie, Pietrzykowski, Greczyn, Lopez, Cole, and Englerth appeared in the respective actions and have now moved to dismiss the claims against them.  Kistner initially failed to appear, and the Clerk filed an entry of default against her in August 2025.  No. 25-CV-6239, ECF No. 30.  Martinez has moved for a default judgment against Kistner, while Kistner has now appeared and moves to vacate the default.  No. 25-CV-6239, ECF Nos. 35, 36.

## DISCUSSION

The Court resolves all of the pending motions in this order.  As discussed below, the Court agrees with the moving defendants that Martinez's complaints fail to state a viable claim for relief and, therefore, should be dismissed.

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A claim for relief is plausible when

the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). A district court must read the pleadings of a *pro se* plaintiff "liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. N.Y. Power Auth.*, 202 F.3d 530, 536 (2d Cir. 1999).

I. **"Tort" of "Whistleblower Retaliation"**

Martinez purports to bring the following claim: "personal property (tort) claim called whistleblower retaliation." No. 25-CV-6302, ECF No. 1 at 1; No. 25-CV-6239, ECF No. 1 at 1. To the extent Martinez raises a common-law wrongful termination claim on the basis of his putative whistleblowing activities, such claim fails because "New York law does not recognize causes of action for wrongful termination for employees at will." *Stevens v. New York*, 691 F. Supp. 2d 392, 398 (S.D.N.Y. 2009). To the extent Martinez seeks to press a statutory whistleblower-retaliation claim under state law, he has not presented a viable cause of action. There is a New York statute that prohibits retaliation by employers for certain employee whistleblowing activities, *see* N.Y.L.L. § 740, but it only creates a cause of action against the employee's "employer." *See, e.g.*, *Ulysse v. AAR Aircraft Component Servs.*, 10 N.Y.S.3d 309, 309 (2d Dep't 2015) (affirming dismissal of supervisors from suit alleging violations of N.Y.L.L. § 740 and noting that "the individual defendants . . . are not employers under the statute"). None of the named defendants is Martinez's employer. Finally, to the extent Martinez is alleging

3

unlawful retaliation under federal law, "OSHA violations do not themselves constitute a private cause of action for breach," and there is no private right of action "for an employer's retaliatory discharge of an employee who has filed a complaint under OSHA." *Buchannan v. Aces High Mgmt., LLC*, No. 23-CV-1061, 2024 WL 307613, at *3 (D. Nev. Jan. 25, 2024) (internal quotation marks omitted).

Accordingly, whatever the exact scope of Martinez's claim, it must be dismissed.

## II. "Statutory Restriction of Injunctive Relief"

Throughout his papers, Martinez refers to a claim for "statutory restriction of injunctive relief." *See, e.g.*, No. 25-CV-6302, ECF No. 1 at 1. This appears to be a reference to 29 U.S.C. § 52, which limits the authority of federal courts to issue injunctive relief in certain kinds of employment disputes. *See Williston Bus. Co. v. Amrosio*, No. 82-CV-1878, 1982 WL 2009, at *1 (S.D.N.Y. Mar. 30, 1982) ("29 U.S.C. § 52 [] restricts injunctive relief in labor disputes to situations where it is necessary to prevent irreparable injury to property, or to a property right, of the party making the application, for which injury there is no adequate remedy at law." (internal quotation marks omitted). Because Section 52 is not a standalone cause of action, Martinez has no viable claim against any defendant under that provision.

## III. Claims against Probation Officers

Martinez challenges the manner in which his supervised release has been conducted. He criticizes Greczyn for imposing sanctions without "talking to [the] Judge of Probation," No. 25-CV-6239, ECF No. 1 at 5; he finds it improper that Cole requested he take another drug test without first allowing him to view the results or "see the Judge," No. 25-CV-6302, ECF No. 1 at 4; and he reports that other probation officers, including Englerth, have refused to accept his complaints, *id.*

He frames these claims in stark terms, alleging that he is suffering from "peonage," "human trafficking," "slavery," and compelled exposure of his genitals while undergoing drug testing. *Id.*

As Martinez frames his claims, they are plainly meritless. *See, e.g.*, *Hoffman v. Stulga*, No. 09-CA-618, 2011 WL 13202936, at *5 (W.D. Tex. Jan. 10, 2011) ("[P]robation is not slavery."); *Lopera v. N.J. State Parole Bd.*, No. 22-4361, 2022 WL 4377198, at *2 (D.N.J. Sept. 22, 2022) ("Those on probationary or parole supervision do not enjoy the absolute liberty and privacy interests of the ordinary citizen . . . . [and] are therefore commonly subject to a number of conditions which will comport with the limited rights afforded them – such as drug tests."). But even if the Court were to construe his complaint more generally to challenge the manner in which probation officers have performed their supervision work, Martinez would not have a viable cause of action. Although 42 U.S.C. § 1983 "permits the recovery of damages for constitutional violations by officers acting under color of *state* law," *Hernandez v. Mesa*, 589 U.S. 93, 109 (2020), there is no similar statutory cause of action for constitutional violations by officers acting under color of *federal* law, as in the case of federal probation officers. Instead, "[i]n *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, the Supreme Court of the United States implied a private right of action to compensate persons injured by federal officers." *Wiley v. Fernandez*, No. 19-CV-652, 2024 WL 779392, at *3 (N.D.N.Y. Jan. 19, 2024) (internal quotation marks omitted).

To determine whether a private right of action against a federal officer should be implied in a particular context, the Court must engage in a two-step inquiry. *Mesa*, 589 U.S. at 102. In this case, however, an extended analysis is unnecessary: courts have repeatedly held that no *Bivens* action should be implied against federal probation officers for alleged constitutional violations arising out of supervision. *See, e.g.*, *Poulin v. Waie*, No. 22-3050, 2024 WL 617730, at *1 (7th

5

Cir. Feb. 14, 2024) (affirming that no *Bivens* action was available against a probation officer who allegedly "violated several of [the plaintiff's] constitutional rights while administering the conditions of his supervised release"); *Cohen v. Trump*, No. 23-35, 2024 WL 20558, at *2-3 (2d Cir. Jan. 2, 2024) (no *Bivens* action permitted for alleged constitutional violations by probation officers in connection with revocation of furlough and home confinement); *Bacon v. Marshall*, No. 23-4071, 2023 WL 8469937, at *1-3 (10th Cir. Dec. 7, 2023) (declining to imply private right of action where plaintiff alleged that federal probation officer "committed a form of sexual assault and a form of rape when it forced him to remove his clothing before providing a urine sample" (internal quotation marks omitted)).

Accordingly, Martinez has no viable constitutional claim against any of the probation officers.[1]

## IV. Claims against Kistner

Martinez's claim against Kistner is cryptic. He alleges that she "increased" their appointments after he raised his complaints about his former workplace. Again, whatever the exact scope of this claim, it fails as a matter of law. To the extent Maritnez is alleging that Kistner was part of the pattern of retaliation he suffered for raising his workplace complaints, his claim fails for the reasons set forth in Section I, *supra*. To the extent Martinez is alleging that Kistner conspired with his probation officers as part of the pattern of constitutional violations he suffered while under supervised release, his claim fails for the reasons set forth in Section III, *supra*.

Because Martinez's claims against Kistner fail as a matter of law, the Court *sua sponte* dismisses the complaint against her. Although Kistner has not formally moved to dismiss

---

[1] To the extent Martinez is seeking to punish, or obtain a remedy for, a violation of federal criminal law, *see* No. 25-CV-6302, ECF No. 10 at 39-48, the Court notes that, generally, "violations of criminal statutes may not serve as the basis for civil remedies." *Clarkes v. Hughes*, No. 17-CV-961, 2018 WL 5634932, at *3 (E.D.N.Y. Oct. 30, 2018).

Martinez's claims on the merits, the reasons justifying dismissal of the claims against the other defendants apply equally to Kistner. The Court "has the power to dismiss a complaint *sua sponte* for failure to state a claim on which relief can be granted," so long as it gives "the plaintiff an opportunity to be heard." *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991). Martinez has had an opportunity to be heard on the legal viability of his claims in conjunction with the other motions to dismiss. *See Ali v. Ramos*, No. 16-CV-1994, 2018 WL 1353210, at *1 n.1 (S.D.N.Y. Mar. 14, 2018). Accordingly, the Court *sua sponte* dismisses all claims against Kistner for the reasons discussed above. As a result, Martinez's motion for a default judgment, and Kistner's motion to vacate the default, are denied as moot.

## V.     Leave to Amend

Ordinarily, before the Court may dismiss a complaint for failure to state a claim, it must provide "notice of the deficiencies of [plaintiff's] complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). However, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *see Thea v. Kleinhandler*, 807 F.3d 492, 496-97 (2d Cir. 2015) (amendment futile if it would fail to cure prior deficiencies). Here, granting Martinez leave to amend would be futile because his claims fail as a matter of law. Accordingly, Martinez's complaints in both actions are dismissed "with prejudice," which means he "cannot return to federal court with the same claims." *Charles v. Hackford*, No. 18-4024, 2018 WL 4006938, at *1 (10th Cir. Apr. 5, 2018) (summary order).

## CONCLUSION

For the reasons stated herein, in Case No. 25-CV-6239, the motions to dismiss (ECF Nos. 11, 21, 24) are GRANTED; the claims against Kistner are *sua sponte* DISMISSED WITH PREJUDICE; Martinez's motion for service (ECF No. 19) is DENIED AS MOOT; Martinez's motion for a default judgment (ECF No. 35) is DENIED AS MOOT; and Kistner's motion to vacate (ECF No. 36) is DENIED AS MOOT.  In Case No. 25-CV-6302, Cole and Englerth's motion to dismiss (ECF No. 5) is GRANTED.

In sum, Martinez's complaints in both cases are DISMISSED WITH PREJUDICE.  The Clerk of Court is directed enter judgments and close both cases.

IT IS SO ORDERED.

Dated:  October 1, 2025
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York